# UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK

SEPT. 23, 2014

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner
JUDICIAL ASSISTANT
```

September 23, 2014

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Trenk, DiPasquale, Della Fera & Sodono, P.C.
Sam Della Fera, Jr., Esq.
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
*Counsel for Plaintiff*

Ravin Greenberg LLC
Jamie A. Slosberg, Esq.
101 Eisenhower Parkway
Roseland, New Jersey 07068
*Counsel for Defendant*

Re:  **Denise M. Sauers v. Edward J. Sauers**
     **Adversary Proceeding No.: 14-01307 (DHS)**

Page 2
September 23, 2014

Dear Counsel:

  Before the Court is the motion of Edward J. Sauers (the "Debtor" or "Defendant") seeking partial summary judgment pursuant to Federal Rule of Civil Procedure 56 against Plaintiff, Denise M. Sauers (the "Plaintiff"). The Debtor's motion ("Motion") seeks the discharge of a debt resulting from a property settlement made in connection with the parties' divorce. The Debtor argues that the debt, which pertained to the Plaintiff's interest in real property owned by the Debtor's company, should be discharged because it was contingent upon the sale or refinancing of the property. Because the property was foreclosed on, the Debtor argues that it was not sold or refinanced and thus a condition precedent to his obligation to the Plaintiff never occurred.

  The Plaintiff filed a cross-motion for summary judgment ("Cross-Motion") in opposition seeking a denial of the Debtor's Motion as well as a declaration that any and all debts owed by the Debtor to her arising out of their divorce be excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15). The Plaintiff argues that the Debtor's obligations to her are governed by a consent order entered into by the parties to enforce and modify the terms of their original divorce agreement.

  For the reasons set forth below, the Court denies the Debtor's Motion for summary judgment and grants the Plaintiff's Cross-Motion. Because the debts arising from the consent order clearly arose "in connection with a separation agreement, divorce decree or other order of a court of record," and contained no conditional language, they are nondischargeable under 11 U.S.C. § 523(a)(15).

Page 3
September 23, 2014

Federal Rule of Civil Procedure 56 is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy 7056. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## **FACTUAL BACKGROUND**

The Debtor and the Plaintiff were married in October 2003. (Pl.'s R. 56.1 Counter-Stmt. of Material Facts ("Pl.'s Stmt. of Facts"), ¶ 1) The Superior Court of New Jersey granted the parties a divorce on December 11, 2008. (*Id.*) Concurrent with the divorce judgment, the parties entered into a Marital Settlement Agreement ("MSA"), which settled the parties' financial obligations to each other in connection with the divorce and provided for the parties' support obligations for their child. (*Id.*) Under Paragraph 19 of the MSA, the Plaintiff was entitled to fifty percent (50%) of the Debtor's fifty percent (50%) interest in a business called JAC Properties, LLC ("JAC"), which owned certain real property located at 188 8th Avenue, Hawthorne, New Jersey (the "Property"). However, any amounts paid to the Plaintiff in satisfaction of her 50% interest in the Debtor's interest in the Property were to be offset by the

Page 4
September 23, 2014

Debtor's corresponding 50% interest in the proceeds of any sale of the marital residence.[1]

Paragraph 19 further provided:

> [t]he [Plaintiff's] twenty-five percent (25%) interest in said Hawthorne Property shall be secured by a subordinate mortgage on the property executed by JAC Properties with a promissory note providing interest at six percent (6%) per year compounded annually. Said promissory note shall be execute[d] by JAC Properties and the [Debtor]. Said note shall be repaid to the [Plaintiff] in twelve (12) years at the time of a refinance of the current mortgage on the property, or upon the sale of said property, whichever occurs first. For the purposes of this agreement, the net value of 188 8th Avenue, Hawthorne, New Jersey is $400,000.00. Therefore, the [Plaintiff] shall be entitled to receive $100,000 less [Debtor's] fifty percent (50%) net equity from the future sale of the marital residence. [Debtor] may repay [Plaintiff's] mortgage at any time without penalty.

(Def.'s R. 56.1 Stmt. of Material Facts ("Def.'s Stmt. Of Facts"), ¶ 4)

Nearly two years after the MSA was signed, the Debtor still had not executed and delivered the promissory note and mortgage required under the MSA to the Plaintiff. (Pl.'s Stmt. of Facts, ¶ 10) As a result, the Plaintiff was forced to reinstate proceedings in state court to enforce her rights under the MSA. (*Id.* at ¶ 11) On October 8, 2010, the parties entered into a consent order ("Consent Order") pursuant to which the Debtor, individually and on behalf of

---

[1] The relevant portion of Paragraph 19 of the MSA provides:

> [t]he [Debtor] has a fifty percent (50%) interest in JAC Properties which owns the property located at 188 8th Avenue, Hawthorne, New Jersey where the [Debtor's] business is located. The [Plaintiff] shall be entitled to receive fifty percent (50%) of the [Debtor's] fifty percent (50%) interest (i.e. twenty-five percent (25%) of the current net equity) in said property less the [Debtor's] fifty percent (50%) share of the net equity in the sale of the marital residence (the fifty percent (50%) of funds the [Plaintiff] shall receive at the closing of title on the sale of the marital residence.)

Page 5
September 23, 2014

JAC, executed a note ("Note) and mortgage ("Mortgage"), which were then annexed to the Consent Order as Exhibit A. (*Id.*) Paragraph 1 of the Note provided:

> [i]n return for a loan that [JAC and the Debtor] received, we promise to pay $100,000 (called, "principal") plus interest to the order of the [Plaintiff]. Interest, at a rate of six percent (6%), compounded annually, will be charged from the date of the Judgment of Divorce, December 11, 2008, until all principal has been paid. Payment in full of the principal and interest is due December 11, 2020. This Note is secured by a Mortgage on the Property, located at 187 7th [sic] Avenue, Hawthorne, New Jersey 07605, which will be duly recorded in the Passaic County Clerk's Office.

(*Id.* ¶ 15) Under Paragraph 3 of the Note, the commencement of foreclosure proceedings on the Property entitled the Plaintiff to immediate payment of the full amount of all "unpaid principal, and interest, other amounts due on the Mortgage and this Note and the [Plaintiff's] cost of collection and reasonable attorney fees." (*Id.* at ¶ 18)

Additionally, the Consent Order provided that, pursuant to the MSA, the Debtor was obligated to pay the parties' tax liabilities for the tax year 2007, and that "in the event . . . that the [IRS] garnishes any money from [Plaintiff] for payment of the 2007 income taxes, penalties, or interest, [Debtor] shall reimburse [Plaintiff] for the garnished amount within thirty days." (*Id.* at ¶ 21) Credits in the amount of $5,440.00 on March 1, 2010 and $1,138.00 on April 15, 2011 were applied to the parties' tax liability from the Plaintiff's funds. (*Id.* at ¶¶ 22-23) Thus, the Plaintiff argues that she is owed $6,578.00 under this provision of the Consent Order. (*Id.*)

In addition, on December 10, 2010, the state court entered an order requiring the Debtor to pay $3,144.73 in counsel fees to the Plaintiff due to the Debtor's filing of a frivolous motion and violation of the Plaintiff's litigant's rights. (*Id.* at ¶ 24)

Page 6
September 23, 2014

The Debtor defaulted on mortgage payments for the Property and Columbia Bank commenced foreclosure on the Property in December 2010. (*Id.* at ¶¶ 25-26)  The Plaintiff issued notices of default under Paragraph 3 of the Note in December 2012 and March 2013, and filed a motion to enforce litigant's rights in the Superior Court of New Jersey on October 15, 2013. (*Id.* at ¶¶ 27-28)  The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 13, 2013. (*Id.* at ¶ 30)   Thereafter, the Plaintiff commenced the instant adversary proceeding. (*Id.* at ¶ 31)  The Motion and Cross-Motion followed.

## **DISCUSSION**

The threshold issue before the Court is whether the Debtor's obligations under the Consent Order fall within the category of debts excepted from discharge under either 11 U.S.C. § 523 (a)(5) or (a)(15).  Because the Court finds that the obligations described in the Consent Order constitute debts to a former spouse "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record," the debts owed to Plaintiff are determined to be nondischargeable under § 523 (a)(15).

### I.    **Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*  At the summary judgment stage, the role

Page 7
September 23, 2014

of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek,* 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne,* 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss,* 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey,* 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.,* 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick,* 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson,* 477 U.S. at 248).

Page 8
September 23, 2014

A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.,* 477 U.S. at 322–23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.,* 673 F. Supp. 147, 151–52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

## II.     Discargeability

The Plaintiff's Cross-Motion seeks a determination that all debts owed by the Debtor arising from the parties' divorce be deemed nondischargeable pursuant to sections 523(a)(5) and (a)(15) of the Bankruptcy Code. The Plaintiff's Cross-Motion specifically addresses the debts pertaining to the Debtor's ownership interest in the Property, the amount of $6,578.00 relating to taxes owed by the Debtor for the 2007 tax year, and the amount of $3,144.73 for legal fees

Page 9
September 23, 2014

awarded to Plaintiff in connection with responding to Debtor's frivolous motion in state court. The Debtor disputes the alleged tax liability, but the only debt the Debtor's Motion seeks to have discharged is the debt related to the Property. The Debtor does not dispute the nondischargeability of the legal fees.

### A. **Property Debt**

Under sections 523(a)(5) and (a)(15) of the Bankruptcy Code:

>  (a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt –
>
>  (5) for a domestic support obligation; . . .
>
>  (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . .

11 U.S.C. §§ 523(a)(5) and (a)(15). Thus, while section 523(a)(5) focuses on domestic support obligations, section 523 (a)(15) exempts a broad range of debts arising in connection with marital property settlements. *See Berse v. Langman (In re Langman)*, 465 B.R. 395, 405 (Bankr. D.N.J. 2012) ("This provision has been read to encompass a range of matrimonial debts, including obligations arising out of property settlement agreements and equitable distribution judgments."). Under the 2005 BAPCPA amendments to the Bankruptcy Code, debts falling under section 523(a)(15) are no longer included in the category of debts that are discharged automatically if a party does not obtain a determination of nondischargeability from the bankruptcy court. *See* 11 U.S.C. § 523(c)(1); *See also Gilman v. Golio (In re Golio),* 393 B.R.

56, 61 (Bankr. E.D.N.Y. 2008) ("The enactment of subsection 523(a)(15) and the increase in the scope of the discharge exception effected by the 2005 amendments, expresses Congress's recognition that the economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments.").

The Debtor acknowledges that had the Property been sold or refinanced, which was the original intent, the Plaintiff's interest in 25% of the net equity realized would be nondischargeable under § 523(a)(15). However, the Debtor contends that the language of the MSA makes a "refinance" or "sale of said property" a condition precedent to any obligation of the Debtor to the Plaintiff in connection with the Property. Since the Debtor stopped making mortgage payments and Columbia Bank foreclosed on the Property, the Debtor argues that there was no sale or refinancing and thus a condition precedent to the Debtor's obligation did not occur. Conversely, the Plaintiff argues that the Consent Order modified the terms of the MSA, and since the Consent Order did not contain any of the conditional language present in the MSA, the Debtor's obligations were triggered at the time of the foreclosure.

The Court finds that the debts arising under the Consent Order are nondischargeable under section 523(a)(15) because they were "incurred by the debtor . . . in connection with a separation agreement, divorce decree or other order of a court of record," and did not include any of the conditional language in the MSA. 11 U.S.C. § 523(a)(15). It is undisputed that the Debtor did not honor and fulfill the terms of the December 11, 2008 MSA by failing to deliver a note and mortgage to secure the Plaintiff's interest in the Property as required. Due to the Debtor's

refusal to comply with the MSA, the parties entered into a Consent Order which modified their rights and obligations under the MSA by, among other things, requiring the Debtor to immediately execute and deliver the attached form of Note and Mortgage to the Plaintiff. On the same day the Consent Order was signed, the Debtor executed and delivered the Note and Mortgage. Because the obligations described in these documents were intended to effect a property settlement made in connection with the parties' divorce, they fall squarely within the broad category of debts excepted from discharge under section § 523(a)(15). Moreover, and significantly, even if foreclosure would not have triggered a debt to the Plaintiff under the MSA, the Note specifically contemplated the Debtor's obligations in the event of foreclosure, stating that the initiation of foreclosure proceedings constituted a default that would entitle the Plaintiff to immediate payment of the full amount of all "unpaid principal, and interest, other amounts due on the Mortgage and this Note and the [Plaintiff's] cost of collection and reasonable attorney fees." (Pl.'s Stmt. of Facts, ¶¶ 17-18) There is absent any language limiting collection of the Note solely from the sale or refinance of the Property. Thus, it is clear that the debt under the Note was not conditioned on the Property being sold or refinanced, but instead became due if and when foreclosure proceedings were commenced.

      In sum, because the Debtor's obligation to the Plaintiff with respect to the Property was made "in connection with a separation agreement, divorce decree or other order of a court of record," and expressly provided that it became due on foreclosure, it is nondischargeable under 11 U.S.C. § 523(a)(15).

Page 12
September 23, 2014

### B. 2007 Tax Liabilities

The Debtor's obligations to reimburse the Plaintiff for amounts applied to the Debtor's tax liabilities for tax year 2007 are nondischargeable for the same reason discussed above. The Consent Order stated that the Debtor was required to reimburse the Plaintiff for any money garnished by the IRS from the Plaintiff with regard to 2007 income taxes, and IRS transcripts show that $6,578.00 was credited by the IRS towards 2007 tax liabilities the Debtor was obligated to pay. (Pl.'s Stmt. of Facts, ¶ 21)  Because the Consent Order was entered into in connection with a property settlement related to a divorce proceeding, the Debtor's obligation to reimburse the Plaintiff for tax liabilities owed to the IRS is non-dischargeable under section 523(a)(15).

### C. Legal Fees

The Debtor does not dispute that the legal fees ordered by the Superior Court of New Jersey are excepted from discharge. Accordingly, Plaintiff is entitled to summary judgment determining that the court-ordered attorneys' fees in the amount of $3,144.73 are non-dischargeable.

### CONCLUSION

The Debtor's Motion for partial summary judgment is denied. The Court grants the Plaintiff's Cross-Motion and holds that attorneys' fees in the amount of $3,144.73, the tax liability in the sum of $6,578.00, and the debt arising from the Property under the Consent Order are excepted from discharge under section 523(a)(15).

Page 13
September 23, 2014

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

           Very truly yours,

           *s/ Donald H. Steckroth*

           DONALD H. STECKROTH
           UNITED STATES BANKRUPTCY JUDGE

Enclosure